1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7      ABDOL ALI OMAR,                          Case No. 20-cv-08228-SI

8                    Petitioner,
                                                **ORDER TO SHOW CAUSE**
9            v.
                                                Re: Dkt. No. 1
10     CRAIG KOENIG,

11                   Respondent.

12

13          Abdol Ali Omar, an inmate at the Correctional Training Facility in Soledad, filed this *pro se*

14   action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the

15   court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254

16   Cases in the United States District Courts.

17

18                                    **BACKGROUND**

19          The petition provides the following information:  After a jury trial in Alameda County

20   Superior Court, Abdol Ali Omar was found guilty of first degree murder and was found to have

21   used a dangerous or deadly weapon in the commission of the offense.  On June 20, 2017, he was

22   sentenced to 26 years to life in prison.

23          He appealed.  The California Court of Appeal affirmed the conviction in 2019 and the

24   California Supreme Court denied his petition for review in 2019.  He then filed this action.

25

26                                     **DISCUSSION**

27          This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

28   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court

2  considering an application for a writ of habeas corpus shall "award the writ or issue an order

3  directing the respondent to show cause why the writ should not be granted, unless it appears from

4  the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

5      The federal petition for writ of habeas corpus contains the following federal claims.  (1) the

6  failure to sua sponte instruct on the lesser-included offense of second degree implied malice murder

7  violated petitioner's federal right to due process, Docket No. 1 at 8; (2) his Sixth Amendment right

8  to effective assistance of counsel was violated because counsel failed to introduce expert testimony

9  about petitioner's impaired mental functioning; (3) petitioner's Sixth Amendment right to effective

10  assistance of counsel was violated because counsel failed to object to the admission of an irrelevant

11  and unduly prejudicial body camera video that showed a police officer giving CPR to the victim;

12  and (4) the cumulative impact of these errors violated petitioner's right to due process.  Liberally

13  construed, these claims are cognizable in a federal habeas action and warrant a response.

14      The petition also alleges several claims for violations of petitioner's rights under California

15  law.  Federal habeas relief is only available for a violation of the petitioner's rights under "the

16  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Violations of state law

17  are not remediable on federal habeas review, even if state law was erroneously interpreted or

18  applied.  *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("a 'mere error of state law' is not a

19  denial of due process"); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a

20  federal habeas court to reexamine state-court determinations on state-law questions").  The state law

21  claims are dismissed without leave to amend.

22

23                    **CONCLUSION**

24      For the foregoing reasons,

25      1.      The petition states four cognizable claims for habeas relief and warrants a response.

26      2.      The clerk shall electronically serve a copy of this order upon respondent and

27  respondent's attorney, the Attorney General of the State of California, at the following email

28  address: SFAWTParalegals@doj.ca.gov.  The petition and any exhibits thereto are available via the

Electronic Case Filing (ECF) system for the Northern District of California.  The clerk also shall serve by mail a copy of this order on petitioner.

3.      Respondent must file and serve upon petitioner, on or before **April 2, 2021,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **May 14, 2021**.

5.      Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6.      Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: January 21, 2021

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

3